IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAMIR VALIKHODJAEV,<br>　　　　　　　Plaintiff, | :<br>:<br>: |
| v. | :    Civil No.: 2:26-cv-00970 |
| OFFICER IN CHARGE, et al.,<br>　　　　　　　Defendants. | :<br>:<br>: |

**ORDER**

**AND NOW**, this 26th day of February, 2026, upon consideration of the Petition for Writ of Habeas Corpus (ECF No. 1), Petitioner's Motion for Temporary Restraining Order (ECF No. 2), the Government's Response in Opposition to Petition for Writ of Habeas Corpus (ECF No. 7), and Petitioner's Reply to Respondents' Response in Opposition to Petition for Writ of Habeas Corpus (ECF No. 8), **IT IS HEREBY ORDERED** as follows:

1.　　The Petition (ECF No. 1) is **GRANTED**;[1]

---

[1] Petitioner states that he entered the United States without inspection at an unknown location near the Mexico border on or about July 28, 2021. *See* ECF No. 1 ¶ 17. Approximately two months later, an asylum officer concluded that Petitioner demonstrated a credible fear of persecution or torture. *See id.* ¶ 19. Petitioner was paroled into the United States under 8 U.S.C. § 1182(d)(5). *See id.* ¶ 20. His asylum application remains pending. *See id.* ¶ 23.

　　On November 21, 2025, Petitioner was arrested by the Lower Southampton Police Department on multiple offenses. *See id.* ¶ 25. The charges for strangulation and terroristic threats were withdrawn, the possession of instrument of crime charge was dismissed, the simple assault charge was nolle prossed, and one disorderly conduct charge was nolle prossed. *See id.* ¶¶ 26-27. Petitioner pled guilty to summary offenses of disorderly conduct and harassment. *See id.* ¶ 27. On February 12, 2026, the day after Petitioner was convicted and sentenced, Immigration and Customs Enforcement took Petitioner back into custody and detained him under 8 U.S.C. § 1225(b)(1). *See id.* ¶ 30.5 [sic]; Resp. in Opp'n to Pet. for Writ of Habeas Corpus, at 1 (ECF No. 7).

　　The Government argues that Petitioner's prior release on parole, and the subsequent termination of that parole, does not affect his detention status. The Government also contends that Petitioner remains subject to mandatory detention under Section 1225 without eligibility for bond.

2. The Motion for Temporary Restraining Order (ECF No. 2) is **DENIED** as moot;

3. Mr. Valikhodjaev is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2);

4. The Government shall **RELEASE** Mr. Valikhodjaev from custody immediately and certify compliance with the Court's Order by filing an entry on the docket no later than 5:00 p.m. ET on February 27, 2026;

5. If the Government chooses to pursue re-detention of Mr. Valikhodjaev pursuant to 8 U.S.C. § 1226(a), it must afford him the process due, including but not limited to a bond hearing upon his request, pursuant to 8 C.F.R. §§ 1236.1 (c)(8), (d)(1), etc.; and

6. The Clerk of Court is **DIRECTED** to **CLOSE** this case.[2]

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

---

Petitioner counters that Section 1182(d)(5) forecloses mandatory detention under Section 1225, as this Court concluded in *Vazquez-Diaz v. Rose*, No. 26-cv-00342 (E.D. Pa. Feb. 10, 2026).

Because Petitioner was granted parole pursuant to 8 U.S.C. § 1182(d)(5), he is no longer subject to mandatory detention under 8 U.S.C. § 1225(b). If the Government terminates parole granted under Section 1182(d)(5), it must first provide written notice of its determination that the purpose of parole has been served or that "neither humanitarian reasons nor significant public benefit warrants the continued presence of the alien in the United States." 8 C.F.R. § 212.5(e)(2)(i); *see Talabadze v. Rose*, No. 26-cv-360 (E.D. Pa. Jan. 30, 2026); *see also Sadykov v. Rose*, No. 2:26-cv-00086 (E.D. Pa. Jan. 16, 2026). The Government must also afford the parolee a meaningful opportunity to respond to any decision to terminate parole. Other courts within this District agree. *See Talabadze*, No. 26-cv-360 (Perez, J.); *Seminario-Marcos v. Jamison*, No. 26-cv-00421 (E.D. Pa. Feb. 6, 2026) (Kearney, J.); *Vargas-Quajada v. Jamison*, No. 26-cv-00914 (E.D. Pa. Feb. 17, 2026) (McHugh, J.); *Nawab Ali v. Jamison*, No. 26-cv-00729 (E.D. Pa. Feb. 19, 2026) (Quinones-Alejandro, J.); *Zavala Ulloa v. Jamison*, No. 26-cv-00813 (E.D. Pa. Feb. 20, 2026) (Marston, J.).

Accordingly, Mr. Valikhodjaev's mandatory detention without the opportunity for a bail hearing is unlawful.

[2] The Court shall retain jurisdiction of this matter for thirty (30) days unless otherwise ordered.